IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONATHAN JONES, et al.,   *Plaintiffs* | } } |
| v. | }   CIVIL ACTION NO. H-04-2452 |
| HARRIS COUNTY SHERIFF'S DEPARTMENT and HARRIS COUNTY, TEXAS   *Defendants* | } } } } } |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' motion for summary judgment (Instrument No. 29), in which Defendants argue that (1) all claims against the Harris County Sheriff's Department should be dismissed because it is not a legal entity capable of being sued, (2) Plaintiffs' Title VII claims should be dismissed because none of the Plaintiffs suffered an adverse employment action, and (3) Plaintiffs' intentional infliction of emotional distress claims should be dismissed because Defendants have not waived sovereign immunity.  In their response, Plaintiffs have voluntarily withdrawn their intentional infliction of emotional distress claims. Plaintiffs' Resp. at 2 n.1.  Additionally, while Plaintiffs have not responded to Defendants' claim that the Harris County Sheriff's Department is *non sui juris*, after reviewing the law, the Court has determined that to be the case, leaving Harris County as the only proper defendant. Accordingly, the only issue remaining is whether summary judgment should be granted on Plaintiffs' Title VII hostile work environment claims.  After considering the pleadings, evidence, and relevant law the Court has determined that it should not.  Therefore, it is **ORDERED** that Defendants' motion is **GRANTED-IN-PART AND DENIED-IN-PART**.

**I. FACTS**[1]

---

[1] For the purposes of this order, the court will view the facts in the light most favorable to the non-moving party, reasonably inferring that all factual statements not called into question by Defendants' motion are true. Ramsey v. Henderson, 286 F.3d 264, 267 (5th Cir. 2002) (citing St. Paul Mercury Ins. Co. v. Williamson, 244 F.3d 425, 440 n.8 (5th Cir. 2000)).

On 8 June 1999, Plaintiffs Jonathan Jones, John Ard, Melvin L. Johnson, Michael W. Taylor, Anthony Joseph Truitt, Michael R. Jones, Robert Emmanuel Conmier, Rutherford Sanford III, Frank Guilbeaux, Jr., Jason Scales and Curtis L. Langford, Jr. ("the African-American Sheriff's Deputies") were photographed by Detective Pratt, of the Harris County Sheriff's Department, in connection with an investigation.  The Plaintiffs are African-American Deputy Sheriffs employed as guards in the San Jacinto Jail.  Each African-American Sheriff's Deputy was taken into a holding cell used for searching prisoners and, in full view of the other deputies and the inmates at the jail, photographed.[2]  At the time, some of the African-American Sheriff's Deputies objected to being photographed, but were ordered to submit.  All have since testified that the process of having their mug shots taken in view of the other guards and the inmates humiliated them, that afterward they were subjected to taunts and ridicule in the prison, and that this loss in respect among the inmate population affected their ability to perform their jobs. Since their mug shots were taken, several of the Plaintiffs have resigned from the Sheriff's Department.

The photographs were taken in connection with the investigation of a complaint made by a female visitor to the jail who alleged she was sexually assaulted by a black Sheriff's Deputy.  In her sworn statement, she says she was attacked on 16 May 1999 in the early evening, when she came to visit an inmate.  She describes her attacker as a black man, approximately 35 years old, 6 feet tall, weighing 180 pounds, of a medium brown complection, with short hair, and wearing a Sheriff's Department uniform with a blue shirt.  Defendants have not disputed that many of the Plaintiffs do not fit this description.  In fact, Plaintiffs vary widely in height, weight, skin tone, and hair style.   Moreover, when the complainant was shown a photo array including photographs of the Plaintiffs, she did not identify any of them as her attacker.  Eventually, the investigation was closed due to a lack of evidence.

---

[2] Two of the deputies were photographed in offices, but also in full view of the other guards and inmates.

Plaintiffs subsequently filed a complaint with the EEOC claiming to have been discriminated against on the basis of race because, under similar circumstances, white deputies were not subjected to similar treatment. On 12 March 2001, the District Director of the EEOC issued his Determination Letter. After reviewing the facts of the case and affirming the EEOC's authority to investigate complaints from the victims of racial discrimination, the Director concluded that, based on the evidence the EEOC had collected, "the Commission finds that Respondent [Harris County] violated Title VII of the Civil Rights Act of 1964."

The instant lawsuit was initiated on 25 June 2004, and Plaintiffs filed their Second Amended Complaint on 1 October 2004. The Second Amended Complaint seeks recovery on three alternate basis: (1) under Title VII of the Civil Rights Act of 1964, for harassing and humiliating Plaintiffs because of their race so as to create a hostile work environment; (2) under 42 U.S.C. § 1981, for harassing and humiliating Plaintiffs because of their race so as to deprive them of the enjoyment, benefits, privileges, terms, and conditions of their employment contract; and (3) for intentional infliction of emotional distress. As formerly stated, because Plaintiffs have voluntarily withdrawn their intentional infliction of emotional distress claims, the remainder of this opinion will only discuss their Title VII and Section 1981 claims.

## II. LAW

### A. Summary Judgment

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219,

222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. Anderson, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." Id. at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. Id. at 252.

All reasonable inferences must be drawn in favor of the non-moving party. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574. 587-88 (1986), citing United States v. Diebold, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. Anderson, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id., 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A., 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 139-40 (5th Cir. 1996); Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871 (1994); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992). Nor are

pleadings summary judgment evidence. Wallace v. Texas Tech University, 80 F.3d 1042, 1046 (5th Cir. 1996), citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. Salas v. Carpenter, 980 F.2d 299, 305 (5th Cir. 1992); Lujan v. National Wildlife Fed'n, 497 U.S. 871, 889 (1990).  Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998), citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir.), cert. denied, 506 U.S. 832 (1992).

**B. Hostile Work Environment Claims Under Title VII and Section 1981**

Hostile work environment claims under Title VII and Section 1981 are analyzed under the same standard. Lawrence v. University of Texas Med. Branch, 163 F.3d 309, 311 (5th Cir. 1999).  Where the harassment is allegedly committed by a supervisor with authority over the victim, the victim need only show (1) that he belongs to a protected group; (2) that he was subject to unwelcome harassment; (3) that the harassment complained of was on the basis of race; and (4) that the harassment complained of affected a "term, condition, or privilege of employment." Celestine v. Petroleos de Venezuela S.A., 266 F.3d 343, 353 (5th Cir. 2001) (internal citations omitted).  For the harassment to affect a "term, condition, or privilege of employment" it must be "sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." Id. (quoting Watts v. Kroger Co., 170 F.3d 505, 509 (5th Cir. 1999).

In Harris v. Forklift Systems Inc., 510 U.S. 17, 21 (1993), the Court devised a two prong objective / subjective test to determine what conduct is "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment."  Thus, "[T]o be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." Shepherd v. Comptroller of Public Accounts of the State of Texas, 168 F.3d 871, 874 (5th Cir. 1999) (citing Harris).  While the district court should consider the totality of the

circumstances on a motion for summary judgment, the Fifth Circuit has stated it should pay close attention to "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether in unreasonably interferes with an employee's work performance.'" Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002) (quoting Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000) (quoting Harris)).

### III. APPLICATION OF LAW TO THE FACTS

Defendants have moved for summary judgment on the grounds that Plaintiffs have failed to show they were subjected to an adverse employment action. Defendants' Mot at 8-9 (Instrument No. 29). The Supreme Court observed in Harris that Title VII's language is not limited to economic or tangible discrimination, but instead strikes "at the entire spectrum" of discrimination, including "requiring people to work in a discriminatorily hostile or abusive environment." 510 U.S. at 21. Thus, being subjected to an adverse employment action is not an element of a hostile work environment claim. See Ramsey 286 F.3d at 268 (enumerating elements of a hostile work environment claim); Vallecillo v. U.S. Dep't of Housing & Urban Dev., 05-50238, 2005 U.S. App. LEXIS 25205 (5th Cir. Nov. 22, 2005) (same). Defendants' motion is therefore denied.

If Defendant had moved for summary judgment on the merits of Plaintiffs' claims, this Court would, nevertheless, have found summary judgment inappropriate. Plaintiffs have introduced evidence that would allow a jury to return a verdict in their favor on every element of their claims, including testimony from inside and outside the Sheriff's Department that Detective Pratt's conduct of the investigation was unprofessional and not up to industry standards and evidence that despite having been investigated for sexual offenses, white officers were never subjected to similar treatment. This case turns on a myriad of factors that are not suited to the dry analysis of a summary judgment record. To determine whether the Plaintiffs were the victims of unlawful discrimination, a jury will have to listen to the testimony and weigh the credibility of the witness on both sides.

## IV. CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that Defendant's motion (Instrument No. 29) is **GRANTED-IN-PART AND DENIED-IN-PART**, specifically, (1) Defendants' motion to dismiss all claims against The Harris County Sheriff's Department is **GRANTED**, (2) Defendants' motion to dismiss Plaintiffs' intentional infliction of emotional distress claims is **MOOT**; and (3) Defendants' motion to dismiss Plaintiffs' hostile work environment claims is **DENIED**.

**SIGNED** at Houston, Texas, this 2nd day of March, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE